### No. 620.

### D. H. Sheppard vs. L. G. Barron, Administrator.

This suit was instituted in the probate court of Bienville parish to have the admin- · istrator of a succession removed from his trust, if he failed to give new security. An exception to the jurisdiction of the court *ratione personœ* and *ratione materiœ* was sustained. It was an error. It is manifest that the probate court which appointed the administrator could alone remove him, and that the present suit is purely probate in its character.

APPEAL from the Parish Court, parish of Bienville. *T. J. Butler,* Judge *ad hoc. L. B. Watkins,* for plaintiff and appellant. *J. F. Pierson,* for defendant and appellee.

Ludeling, C. J.    The plaintiff, who is the surety oñ the bond of L. G. Barron, administrator of the succession of C. B. Thompson, sued Barron, administrator, to compel him to give new security, to have himself released from further liability on his said bond, and to have said Barron removed from his trust, if he failed to give new security. This suit was instituted in the probate court of Bienville parish, where the succession was opened. An exception to the jurisdiction of the court *ratione personœ* and *ratione materiœ* was filed and sustained, and the suit was dismissed.

Section 3717 of the Revised Statutes declares that "on due proof

being made of the maladministration of such administrator, executor, curator, or tutor, thus cited, the court shall require him to give a new bond with other sufficient security for the faithful administration of said estate, and upon failure so to do, within three days after such order, he shall be forthwith removed from the administration thereof, and the judge shall proceed at once to appoint another administrator." It is manifest that the probate court which appointed the administrator could alone remove him, and that the present suit is purely probate in its character. C. P. 924. 22 An. 131, 139.

It is therefore ordered that the judgment of the lower court be reversed; that the exception be overruled, and that the case be remanded to be proceeded with according to law. It is further ordered that the appellee pay costs of appeal.